PROB 12M
(10/01-D/CO)

# UNITED STATES DISTRICT COURT

for

DISTRICT OF COLORADO

U. S. A. vs. Matthew W. Rosen                               Docket No. 02-cr-00515-WDM-01

**Supplemental Petition for Violations of Supervised Release**

    COMES NOW, Thomas Meyer, PROBATION OFFICER OF THE COURT presenting an official report upon the conduct and attitude of Matthew W. Rosen who was placed on supervision by the Honorable Truman Hobbs sitting in the court at Montgomery, Alabama, on the 26th day of July, 1993, who fixed the period of supervision at ten (10) years, commencing December 24, 1998, and imposed the general terms and conditions theretofore adopted by the court and also imposed special conditions and terms as follows:

1. The defendant shall submit to a drug test when ordered to do so by a Probation Officer. If deemed necessary by the Probation Officer, the defendant shall participate in a substance abuse treatment program as directed by the Probation Officer.

2. The defendant shall participate in a mental health treatment program as directed by the Probation Officer.

**Jurisdiction was transferred from the Middle District of Alabama to the District of Colorado on October 17, 2002. Conditions were modified on November 4, 2002, to include the following added special condition:**

3. The defendant shall reside in a Community Corrections Center for a period of up to 120 days, to commence as directed by the Probation Officer, and shall observe the rules of that facility.

**Conditions were modified on November 26, 2002, to include the following added special condition:**

4. The defendant shall participate in a program of testing and treatment for alcohol abuse, as directed by the Probation Officer, until such time as the defendant is released from the program by the Probation Officer. The defendant shall abstain from the use of alcohol or other intoxicants during the course of treatment. The defendant will be required to pay the cost of the treatment as directed by the Probation Officer.

**On February 1, 2006, the defendant was released on an appearance bond with a special condition of electronic monitoring until his supervised release violation hearing could be heard.**

    RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS: Petitioner states there is probable cause to believe that the Defendant has violated a condition of his supervised release as more particularly described in the attachment which is incorporated by reference.

    Pursuant to 18 U.S.C. § 3606, Petitioner requests that the Court supplement the prior petitions previously signed by the Court for violations of supervised release.

    I state under penalty of perjury that the foregoing matters are true and correct to the best of my knowledge and belief.

Executed this 5th day of October, 2006.        s/ Thomas Meyer
    Thomas Meyer, Probation Officer

### ORDER OF THE COURT

    Based upon the foregoing, I find probable cause exists to believe the Defendant has violated conditions of his supervised release. I order that the prior supervised release violation petitions be amended to include the following violation.

    s/ Walker D. Miller

Dated this 6th day of October, 2006.

WALKER D. MILLER, United States District Judge

## ATTACHMENT

Attached hereto as <u>Exhibit A</u> and incorporated by reference is a true copy of the conditions of supervised release which were read and provided to the defendant on December 29, 1998, and reviewed again January 29, 1999, August 7, 2002, and December 4, 2002, acknowledging that the conditions had been read to him and that he had been given a copy of them. The term of supervised release commenced December 24, 1998.

**28.    POSSESSION AND USE OF A CONTROLLED SUBSTANCE:**

On or about March 29, 2006, as well as during the months of May 2006, through August 2006, the defendant used or administered a controlled substance, heroin, which had not been prescribed for him by a physician, which constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On March 29, 2006, the defendant submitted a urine specimen at Addiction Research and Treatment Services (ARTS) which tested positive for Morphine, an opiate. The defendant had previously reported that he was prescribed Vicodin (also an opiate) on February 14, 2006, after dental surgery and on February 24, 2006, after suffering from a scalp laceration.

The defendant subsequently submitted positive urine specimens for Morphine on May 4, May 9, May 12, May 15, May 17, May 19, and May 22, 2006. On May 22, 2006, I asked the defendant why he was still apparently taking pain medication and he responded by stating that he had suffered from an impacted tooth which necessitated several dental visits. He stated he used the last of his pain medication on May 20, 2006.

During the month of June, 2006, he submitted positive urine specimens for Morphine on June 21, June 23, June 27, and June 29, 2006. During the month of July 2006, the defendant submitted urine specimens for Morphine on July 7, July 19, (he tested positive for cocaine on this date as well), and July 31, 2006 (he also submitted a positive urine sample for cocaine on this date). Most recently, on August 2, and August 14, 2006, he submitted positive urine samples for Morphine.

I met with the defendant on July 31, 2006, to discuss with him the fact that he had been taking pain medication for a lengthy period of time. He responded by stating that he had dental work done about 3.5 weeks ago and that on June 20, 2006, he had been prescribed Vicodin after dental work and that he had last used the drug on June 19, 2006.

On August 11, 2006, I contacted his dentist who stated that he first treated the defendant on December 15, 2005, at which time he prescribed Vicodin/Hydrocodone. The dentist stated that he prescribed this medication two more times, namely on February 14, 2006 (16 tablets), and April 27, 2006 (16 tablets). I noted that the prescription was not filled until June 20, 2006. The dentist stated he had never prescribed Morphine for the defendant.

I contacted the defendant on August 11, 2006, who told me that he suffered from wisdom tooth pain and had been using the pain pills prescribed by the dentist up to the present time. He said he last had an office visit with the dentist in about mid to late June 2006, at which time he was given a prescription for Hydrocodone or Vicodin. I asked him why Morphine was present in his urine and he said that Morphine was present in the medication prescribed for him. However, during my contact with the dentist on August 11, 2006, he stated that he had not prescribed Morphine for the defendant.

On August 15, 2006, I met with the defendant at which time we further discussed his positive urine specimens for Morphine. I informed him that I had learned that he had never been prescribed Morphine which would have accounted for the positive specimens for Morphine on the above dates. The defendant then stated that he had used black tar heroin on or about March 29, 2006, as well as during the months of May, June, July, and August, 2006. He said that he had used black tar heroin on a daily to every other day basis, smoking about one-half gram of the drug alone at his residence. He stated this accounted for the positive urine specimens for Morphine on May 4, May 9, May 12, May 15, May 17, May 19, May 22, June 21, June 23, June 27, June 29, July 7, July 19, July 20, July 31, and August 2, 2006. He added that he last used heroin on August 13, 2006. He stated he purchased heroin every other day, and paid $20 - $30 each time which enabled him to obtain approximately one-half gram per purchase and that he last purchased heroin on August 12, 2006.